**ANDERSON BANTA CLARKSON** PLLC
48 NORTH MACDONALD
MESA, ARIZONA 85201
TELEPHONE (480) 788-3053

Adam C. Anderson/024314
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA
# PHOENIX DIVISION

| | |
|---|---|
| HANNA TREDER, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| AMERICAN EXPRESS BANK, FSB, | |
| Defendant, | |

NOW COMES the Plaintiff, HANNA TREDER, by and through her attorneys, ANDERSON BANTA AND CLARKSON PLLC, and for her complaint against AMERICAN EXPRESS BANK, FSB, Plaintiff states as follows:

## I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

## II.   JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. HANNA TREDER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Scottsdale, County of Maricopa, State of Arizona.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. AMERICAN EXPRESS BANK, FSB, (hereinafter, "Defendant") is a business entity that provides financial services to consumers such as Plaintiff. Defendant's principal place of business is located in the State of Utah.

7. At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

### IV. ALLEGATIONS

8. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

10. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

11. The inaccurate information of which Plaintiff complains are two (2) accounts, or trade-lines, that reflect Plaintiff's putative history of credit with Defendant. Specifically, Plaintiff asserts that she was the victim of identity theft and a victim of fraud. Further, Plaintiff asserts that fraudulent charges were made on her American Express cards and that despite providing notice of these issues to Defendant, Defendant has reported Plaintiff as past due on her accounts. (hereinafter "the inaccurate information")

12. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

13. Credit reports containing the inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

14. On multiple occasions, both directly and by disputes to one or more credit reporting agency, Plaintiff has disputed the inaccurate information and the manner with which Defendant is reporting certain accounts pertaining to Plaintiff.

15. On or about December 10, 2016, and again on or about February 2, 2017, Plaintiff disputed the inaccurate information with Equifax Information Services, Inc (hereinafter, "Equifax") by written communication to its respective representatives and by following the aforementioned reporting agencies' established procedures for disputing consumer credit information.

16. Furthermore, Plaintiff enclosed documents and other information with her dispute to the credit reporting agencies that either proved that the disputed information

1   contained within her credit reports was inaccurate or, at the very least, provided evidence
2   that supported Plaintiff's contentions that the disputed information was inaccurate.

3       17.     Upon information and belief, within five (5) days of Plaintiff disputing the
4   inaccurate information with Equifax, Equifax notified Defendant that Plaintiff disputed the
5   inaccurate information and the nature of Plaintiff's dispute.

6       18.     Defendant received notification from Equifax that Plaintiff disputed the
7   inaccurate information and the nature of Plaintiff's dispute.

8       19.     Upon information and belief, Defendant received from Equifax, notice of
9   Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

10      20.     Upon information and belief, Defendant received from Equifax additional
11  information and documentation that Equifax had received from Plaintiff relative to and in
12  support of Plaintiff's dispute.

13      21.     Defendant then and there owed Plaintiff a duty to assist the Equifax in a re-
14  investigation into the disputed information being reported about Plaintiff by Defendant.

15      22.     Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant
16  continued to publish and disseminate such inaccurate information to various credit reporting
17  agencies.

18      23.     Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately,
19  willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable re-
20  investigations of the above dispute as required by the FCRA, has failed to remove and/or
21  correct the inaccurate information, and has continued to report the derogatory inaccurate
22  information about Plaintiff.

24. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Impeded Plaintiff's ability to secure credit;

   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   d. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

   e. Decreased credit score which may result in inability to obtain credit on future attempts.

25. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

27. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

   c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

28. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## V. JURY DEMAND

29. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HANNA TREDER, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Punitive damages;

    d. Plaintiff's attorneys' fees and costs; and,

e. Any other relief deemed appropriate by this Honorable Court.

**ANDERSON BANTA CLARKSON PLLC**

By: ___s/ Adam Anderson_____
    Attorney for Plaintiff
    Adam C. Anderson
    48 North MacDonald Street
    Mesa, AZ  85201
    Attorney for Plaintiff